HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAREFREE CARTAGE, INC, an Illinois
corporation; GREAT WEST CASUALTY
COMPANY, a Nebraska corporation,

                 Plaintiff,

      v.

HUSKY TERMINAL AND
STEVENDORING, INC, a Delaware
corporation; and PORT OF TACOMA, a
municipal corporation in the State of
Washington,

              Defendant.

HUSKY TERMINAL AND
STEVENDORING, INC., a Delaware
corporation,

          Third Party Plaintiff,

      v.

KAWASAKI KISEN KAISHA, LTD., d/b/a
"K" Line, a Japanese corporation,

         Third Party Defendant.

Case No. C07-5294 RBL

ORDER ON THIRD PARTY
DEFENDANT'S MOTION TO STRIKE
AND DISMISS THIRD PARTY
PLAINTIFF'S ALLEGATIONS OF
ADMIRALTY JURISDICTION AND
RULE 14(C) CLAIM

     THIS MATTER comes before the Court on Third Party Defendant's motion to strike and dismiss allegations of admiralty jurisdiction and indemnity claims under Fed. R. Civ. P. 14(c) (hereafter, Rule 14(c)). [Dkt. 15].  The Court has considered the pleadings filed in support of and in opposition to the motion and the entire file herein.  For the reasons set forth below, the Court grants the motion in part and denies the motion in part.

ORDER
Page - 1

FACTUAL AND PROCEDURAL HISTORY

On October 17, 2004, Thai Organic Chemicals Co. Ltd. contracted with Kawasaki Kisen Kaisha, Ltd. ("K" Line) to transport two intermodal containers, each holding 80 drums of epichlorohydrin, from Thailand to Compass Chemical International, Inc. in Downers Grove, Illinois.  [Bill of Lading, Dkt. 17-2, Exh. A].  On November 6, 2004, the containers arrived at the Port of Tacoma. [Complaint, Dkt. 1].  "K" Line had contracted with Husky Terminal and Stevedoring, Inc. (Husky) to  move the containers from the ship to the railroad line. [Third Party Complaint, Dkt. 10].  While moving one of the containers, a Husky straddle driver accidentally banged one of "K" Line's containers against another container.  [UOR Report, Dkt. 1, Exh. A].  "K" Line's container was dented and the door sprung open.  *Id.*  Husky alleges that it immediately notified "K" Line and that "K"Line directed Husky to inspect the interior and exterior of the container for chemical leaks.  When Husky did not find any chemical leaks, "K" Line directed Husky to reseal the container and load it on the train.  [Third party Complaint, Dkt. 10].  Neither Husky nor "K" Line told the subsequent transporters about the incident. [Complaint, Dkt. 1].

On November 22, 2004, the container was delivered by plaintiff Carefree Cartage, Inc. (Carefree) to the Chicagoland Cartage and Warehousing Terminal where Carefree discovered a chemical leak. [Complaint, Dkt. 1].  Carefree paid to clean up the spilled epichlorohydrin and repackage some of the damaged drums.  *Id.*

Carefree and its insurance company, Great West Casualty Company (GWCC),  filed this lawsuit against Husky and the Port of Tacoma on June 14, 2007. [Dkt. #1].  Plaintiffs claim that they are entitled to contribution for the costs by the defendants under the Federal Comprehensive Environmental Response Compensation and Liability Act (CERCLA) and Washington's Model Toxics Control Act (MTCA).  They also allege that the defendants were negligent.

On August 1, 2007, defendant Husky filed a third party complaint against a third party defendant, "K" Line. [Dkt. 10].  Husky alleges that this Court has admiralty jurisdiction based on 28 U.S.C. § 1333 because the cause of action is based on maritime contract and a maritime tort.  *Id.*  Husky alleged the following claims against "K" Line: (1) breach of contract; (2) negligence; (3) breach of implied warranty; and (4) indemnity and/or contribution pursuant Rule 14(c).  *Id.*

1    On October 11, 2007, "K" Line filed a motion to strike and dismiss allegations of admiralty

2  jurisdiction and Husky's claim for indemnity based on Rule 14(c). [Dkt. 15].

3                                          DISCUSSION

4  **A.      Indemnity and/or contribution under Fed. R. Civ. P. 14(c)**

5          Husky's fourth claim against "K" line is for indemnification and/or contribution based on "K"

6  Line's alleged failure to fulfill its duties pursuant to either: its express warranty in the service contract,

7  implied warranty of workmanlike service, or federal and state statutes.  Although Husky did not explicitly

8  list the state and federal statutes, the Court presumes Husky is referring to CERCLA and MTCA which

9  were cited by plaintiff Carefree against defendants Husky and Port of Tacoma.  Husky further claims that it

10  is entitled to have judgment entered directly against "K" Line pursuant Rule 14(c).  "K" Line argues that

11  Rule 14(c) is inapplicable because plaintiff Carefree has not made any claims in admiralty or maritime law.

12          Federal Rule of Civil Procedure 14(a) allows a defendant, as a third party plaintiff, to serve another

13  party as a third-party defendant.  The parties do not dispute that Husky, as a third-party plaintiff, properly

14  impleaded "K" Line as a third-party defendant under Rule 14(a).

15          Rule 14(c) supplements Rule 14(a).  *Rosario v. American Export-Isbrandtsen Lines, Inc.*, 531 F.2d

16  1227, 1231 n. 10 (3rd Cir. 1976).  Under Rule 14(c), if a plaintiff asserts an admiralty or maritime claim,

17  the third-party plaintiff may bring in a third party defendant, who may be liable to either the plaintiff or

18  third-party plaintiff.  The third-party plaintiff may also demand judgment against the third-party defendant

19  in favor of plaintiff.  *Id.*

20          "K" Line correctly argues that, based on the plain language of the statute, Fed. R. Civ. P. 14(c) is

21  inapplicable.  The plain language of the statute clearly requires that the <u>plaintiff</u> must bring an admiralty or

22  maritime claim for this rule to apply.  In this case, the plaintiff has brought a federal law claim, a state law

23  claim, and a common law claim.  Plaintiff has not made any claims under admiralty law. Consequently, the

24  third-party plaintiff Husky is not entitled to invoke the special indemnity provisions of  Rule 14(c).

25  **B.      Admiralty Jurisdiction**

26          In the third-party complaint, Husky asserts that this Court has admiralty jurisdiction pursuant to 28

27  U.S.C. § 1333 for causes of action based on a maritime contract and a maritime tort.  [Dkt. 10].

28          The Court must first determine whether it <u>can</u> have admiralty jurisdiction over a third-party

defendant when the plaintiff did not assert any maritime claims.  It has long been recognized that a third-party action can be brought in admiralty even if the plaintiff's action against the defendant is at law.  *See, e.g., Orion Shipping & Trading Co. v. United States*, 247 F.2d 755, 757 (9th Cir. 1957); *Canale v. American Export Lines*, 17 F.R.D. 269, 270 (D.C. N.Y. 1955).[1]  Although plaintiff Carefree did not assert admiralty jurisdiction over defendants, third-party plaintiff Husky may still assert admiralty jurisdiction in a third-party complaint under Fed. R. Civ. Pro. 14(a).

Under 28 U.S.C. § 1333, federal district courts have original jurisdiction over any civil action in admiralty.  The Court's admiralty jurisdiction depends on whether third-party plaintiff Husky has alleged a maritime cause of action against third-party defendant "K" Line.

Husky alleges that "K" Line breached the Container Stevedoring and Service agreement and an implied warranty to perform its obligations under the agreement in a workmanlike manner.  [Third Party Complaint, Dkt. 10].  This contract, rather than "K" Line's bill of lading,[2] is relevant to determine whether Husky has alleged a maritime contract claim.

The character of the work performed under the contract determines whether or not a contract is a maritime contract.  *Aqua-Marine Constructors, Inc. v. Banks*, 110 F.3d 663, 671 (9th Cir. 1997)(internal citations omitted).  A contract is a maritime contract if it relates to a ship in its use, to commerce or navigation on navigable waters, to transportation by sea, or to maritime employment.  *Id.* at 670-71.  Under the contract, Husky was responsible for unloading containers from the ship, stowing them, and then releasing them to outbound carriers.  Without the performance of those duties for carriers, goods could not be shipped across the ocean to inland destinations.  The service contract, therefore, does relate to commerce on navigable waters and forms the basis for this Court to exercise admiralty jurisdiction.

Husky also claims that the Court has admiralty jurisdiction based on a maritime tort.  To allege a maritime tort, a party must allege the following: (1) the alleged tort occurred on navigable waters or an incident on navigable waters caused an injury to be suffered on land; and (2) the alleged tort has a nexus to

---

[1]Although these cases were decided based on admiralty Rule 56, admiralty Rule 56 later became Rule 14(c) without material change. Therefore, the interpretation of former rule has received legislative approval and is still in effect. *United States v. Dakota Montana Oil Co. 288 U.S. 459 (1933)*.

[2]The Court references the bill of lading only because both parties extensively briefed this issue referencing the bill of lading rather than the service agreement.

maritime activity. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock, Co.*, 513 U.S. 527, 534 (1995). A tort has a nexus to maritime activity if it has a potentially disruptive impact on maritime commerce and is substantially related to traditional maritime activity. *Id.*

Third-party plaintiff Husky alleged that "K" Line negligently failed to properly instruct Husky after the container with the epichlorohydrin hit another container in the terminal at the Port of Tacoma. [Third Party Complaint, Dkt. 10]. In the Ninth Circuit, an incident taking place at the terminal does not satisfy the locus requirement for admiralty jurisdiction. *See, e.g., Whitcombe v. Stevedoring Services of America*, 2 F.3d 312, 315 (9th Cir. 1993) (no admiralty jurisdiction when the container was damaged at the terminal prior to loading it onto a ship); *McCullum v. United Intern. Corp.*, 493 F.2d 501, 501 (9th Cir. 1974) (admiralty jurisdiction does not extend to injuries sustained by stevedores on the pier by faulty land based equipment or their operators). Consequently, Husky has not alleged that "K" Line committed a maritime tort and this Court does not have admiralty jurisdiction over the negligence claim.[3]

## CONCLUSION

The Third party defendants motion to dismiss [Dkt. 15] is granted in part and denied in part. The Court GRANTS "K" Line's motion to dismiss Husky's Rule 14(c) claim. The Court DENIES "K" Line's motion to dismiss allegations of admiralty jurisdiction.

IT IS SO ORDERED.

Dated this 7th day of December, 2007.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

---

[3]This Court still has diversity jurisdiction over the negligence claim which will consequently be governed by state law rather than admiralty law.